IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY NICOLE RELIFORD, as an Individual | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| STERLING INFOSYSTEMS, INC., and DOES 1-10 INCLUSIVE | ) ) ) ) |
| Defendant. | ) ) |

CIVIL ACTION FILE NO.
_____

## COMPLAINT

Plaintiff ASHLEY NICOLE RELIFORD files this Complaint for Damages and Demand for a Jury Trial against Defendants STERLING INFOSYSTEMS, INC. and DOES 1-10 inclusive and respectfully shows the Court the following:

## NATURE OF THE ACTION

1. Defendant Sterling InfoSystems, Inc. ("Sterling") is an employment screening company that furnishes employment screening reports to prospective employers. Its reports include information related to an applicant's criminal history.

2. In July 2023, Plaintiff applied for employment through Cross County Healthcare ("CCH"), a company that provides staffing and outsourcing services for the healthcare market.

3. Plaintiff was offered a job as a Surgical Tech Assistant through CCH.

4. On or about July 2023, CCH purchased a background check report on Plaintiff from Defendant in connection with Plaintiff's employment application. That report was a consumer report.

1

5. In the background check report that Defendant prepared regarding Plaintiff, Defendant reported multiple convictions, including a felony conviction.

6. Specifically, Defendant reported the following three cases (the "Three Cases"):

a. Case Reference Number: 50649, Misdemeanor charge and conviction for Theft.

b. Case Reference Number: 49710, Felony charge and conviction for Principal to Distribution of Schedule II Controlled Dangerous Substance.

c. Case Reference Number: 49093, Misdemeanor charge and conviction for Possession of Schedule I Controlled Dangerous Substance - Marijuana.

7. All of the aforementioned cases do not belong to Plaintiff, as Plaintiff has not been convicted of any crime.

8. Plaintiff followed by filing a dispute regarding the erroneous information stated on the consumer report.

9. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 et *seq*.) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Failing to report accurate information regarding criminal history is a clear violation of this statute.

10. Defendant did not have defined processes to verify the accuracy or current status of the public record information provided to CCH, because information related to Plaintiff's criminal records are a matter of public record.

11. Plaintiff is informed, believes, and thereon alleges that Defendant has no procedure in place to ensure that the criminal history information it furnishes to employers and prospective employers is accurate.

12. As a direct result of Defendant's failure to verify public records, Plaintiff's opportunity to gain employment was delayed by and through CCH.

13. Plaintiff's employer offered her the job back after the amended report was reviewed, but at such time Plaintiff was forced to move on and could not gain employment through CCH due to the initial report.

14. Plaintiff lost pay for a considerable amount of time and pay due to the errors reported on her consumer report, provided by Defendant and given to her prospective employer.

15. Plaintiff suffered and continues to suffer actual damages and emotional distress as a result of the delayed employment opportunity.

16. Accordingly, Plaintiff seeks recovery for her actual damages, including loss of earnings, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

17. Plaintiff is an individual and a consumer as defined in 15 U.S.C. § 1681(c), residing in Davenport, Florida.

18. Defendant is a consumer reporting agency within the meaning of the FCRA, specifically 15 U.S.C. §1681(a)(f).

19. Defendant Sterling is a consumer reporting agency and holds headquarters at 1 State Street Plaza, 24th Floor, New York, NY 10004.

## JURISDICTION AND VENUE

20. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United

States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

21. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FIRST CAUSE OF ACTION
### Violation of 15 U.S.C. § 1681e(b)

22. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

23. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to insure maximum possible accuracy in the consumer report that it prepared regarding Plaintiff and provided to CCH.

24. Defendant's conduct was willful and/or reckless because the information regarding Plaintiff is easily verifiable and was a matter of public record; Defendant had no procedure in place to review those records; Defendant had actual knowledge of its obligations under 15 U.S.C. § 1681e(b); Defendant knew that its failure to accurate information regarding criminal records was insufficient to assure maximum possible accuracy of the criminal history information reported; and Defendant knew that consumers, like Plaintiff, would suffer adverse job action and other damages as a result of its failure to comply with 15 U.S.C. § 1681e(b).

25. Plaintiff is further informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

26. Alternatively, Plaintiff alleges that Defendant's violations of 15 U.S.C. § 1681e(b) were negligent.

## SECOND CAUSE OF ACTION
### Violation of 15 U.S.C. § 1681k(a)

27. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

28. Plaintiff is informed and believes, and thereon alleges that Defendant willfully and/or recklessly (1) failed to follow strict procedures to ensure that the criminal history information in the consumer report that it provided to CCH regarding Plaintiff was accurate and (2) at the time such public record information was reported to CCH, failed to notify Plaintiff of the fact that the public record information was being reported by Defendant, together with the name and address of the person to whom such information is being reported, thereby violating 15 U.S.C. § 1681k.

29. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## THIRD CAUSE OF ACTION
### Violation of 15 U.S.C. § 1681g

30. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

31. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by not providing Plaintiff with her full file.

32. On or about August 28, 2023, Plaintiff's counsel sent Sterling Infosystems, Inc. a file request pursuant to 15 USC 1681g(a)(1) to one of Defendant's stated addresses at 6150 Oaktree Blvd, Suite 490. It was sent via certified mail bearing tracking#9589071052700762112697. The United States Parcel Service confirmed that the file request was picked up by an individual on September 6, 2023. To date, Plaintiff has never received a response from Sterling Infosystems, Inc.

## **PRAYER FOR RELIEF**

a. The Court conduct a jury trial of all claims asserted herein.

b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against Defendant;

c. For interest upon such damages as permitted by law;

d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e. For the costs of the lawsuit; and

f. For such other orders of the Court and further relief as the Court deems just and proper.

This 9th day of May, 2024

**DHF LAW, P.C.**
2304 Huntington Drive, Suite 210
San Marino, CA 91108

*/s/ Devin H. Fok*
Devin H. Fok *(Pro Hac Vice application forthcoming)*
California Bar No. 256599
devin@devinfoklaw.com
888.651.6411

*Counsel for Plaintiff*